Pearson, J.
There was evidence tending to show, that the prisoner had stolen the slave, and had procured one Weaver to take hi.n to the State of Virginia, and sell him, in 1851. The slave was a runaway, and had been arrested by one While and one Brown, and they were the witnesses mainly relied on by the State, to make out the case. A witness called by the State swore, that, in April, 1851, he •went to Virginia in search of the slave, — found him in the possession of one Lowder, to whom he had been sold by Weaver, — committed the slave to jail, and caused Weaver to be arrested on a charge of negro-stealing. The State then offered to prove by this witness, that, after Ms arrest, Weaver told the witness that he had got the slave from the prisoner, and had taken him over to Virginia, and sold him, as his agent. This evidence was objected to, on the part of the prisoner, “first, on the ground, that no conspiracy between the prisoner and Weaver had been shown ; second, because, in no event, would the declarations of Weaver, in the absence of the prisoner, and after the transaction, and merely reciting the occurrences, be admissible as evidence *71 against the prisoner. The Court was of opinion, “that the declarations of Weaver were admissible, as confirmatory of the witnesses White and Brown, so far as they tended to prove a conspiracy between Weaver and the prisoner.” — • The evidence was admitted, and for this the prisoner excepts.
The exception is well founded ; and it is unnecessary to notice the other points, or to state the case any further.
Admit it to have been proven, that there was a conspiracy between the prisoner and Weaver, by which it was agreed that the one was to steal, and the other was to take the slave to Virginia and sell him. The evidence of such a conspiracy was very slight, and his Honor seems to have considered it insufficient, for he puts the admissibility of the evidence on the ground, that it was confirmatory of the witnesses, so far as they tended to provea conspiracy. But, admit the conspiracy to have been proven: There is an actual impossibility that these declarations could have been used, in furtherance of the common design, for they were made after the matter was over, and after Weaver was arrested, when it served his purpose to put the blame on the prisoner; and he was directly interested in making a statement, according to which ho, himself, could not be convicted under the Statute. But apart from this peculiar circumstance, it is sufficient to say, the declarations were not made in furtherance of the common design, and were, for that reason, inadmissible. This very point is decided, State v George, 7 Ired. 321, and the decision is so well sustained by authority, and upon principle, as not to call for another word.
Per Curiam. Oidered to be certified according!}'.